The opinion of the Court was delivered by
Dunktn, 0. J.
The late Mrs. Eliza Laurens was entitled to one;third part of the lands of which partition is sought by these proceedings. By the decree of the Chancellor, *143 partition is directed; but the share of Mrs. Eliza Laurens is directed to be retained subject to the further order of the Court, and, in the meantime, the Master is instructed to inquire and report what provisional orders should be made in relation to the portion so retained.
By the will of Mrs. Laurens, her interest in these lands was devised to her daughter, Mrs. Ingraham, and her son, Edward R. Laurens, whose interests are represented by the plaintiff. It appears from the exhibits filed with the pleadings, that Mrs. Laurens also devised and bequeathed certain other real and personal estate in trust for Margaret Horry Laurens, the wife of her son Edward R. Laurens, with the right to dispose of the same by will, but, in the event of her dying intestate, to be distributed among her heirs at law. John Laurens, who was one of the original defendants in the cause, filed his answer, in which, among other things, it is stated that Margaret Horry Laurens survived the testatrix and afterwards died intestate, "leaving three children, to wit, Eliza R., who was the wife of defendant, (John Laurens,) and two sons, Henry Laurens and John R. Laurens, and that the said three children succeeded to the property so devised and bequeathed to their mother.” The answer furthermore states that the property devised and bequeathed to Margaret Horry Laurens, “had been taken and applied to the payment of the debts of the testatrix, Mrs. Eliza Laurens, the property by her specifically charged with the payment of the same having proved insufficient for that purpose.” It is then submitted by the answer that the interest of Mrs. Eliza Laurens in the premises sought to be partitioned, is liable to be so marshalled as to make good the said devises and legacies, of which the devisees and legatees have been thus deprived.
John Laurens subsequently died intestate. His widow, Eliza R. Laurens, having administered on his estate, an order was passed by the Master in February, 1866, that *144 the said Eliza E. Laurens, administratrix of John Laurens, deceased, be made a party in the cause; and her answer was filed in which, among other things, she “refers to and sets up the answer of her said intestate already mentioned.”
Under these circumstances the order was made by the presiding Chancellor, which is the subject of this appeal.
In proceedings for the partition of the real estate of a deceased person among his heirs or devisees, it is the practice of the Court, upon the suggestion of the personal representative, or of other persons interested as creditors, to take care that their rights are protected and an order made for calling in creditors. And so, if a claim exists to the distributive portion of one of the heirs or devisees, it is not infrequent to entertain a petition, in behalf of such claimant, entitled in the cause, and a copy of such petition is required to be served upon the adverse party. That petitions of this character are sanctioned, see 3 Danl. Ch. Pr. 1709.
Probably, acting on this familiar practice, the Chancellor made the order for calling in the creditors of Mrs. Eliza Laurens, deceased. The report of Master Tupper, entitled in another cause, shows that this notice had already been given and the amount of indebtedness ascertained. So much of the order as directs a notice to be published is, therefore, superseded.
The claim of the defendant, Eliza E. Laurens, to have the interest of the testatrix marshalled, and the grounds of that claim had been distinctly brought to the notice of the Court in the answer of her late husband, John Laurens, which was referred to and adopted in her answer subsequently filed. This was enough to justify the order, which would obviously include an inquiry by the Master as to the persons entitled, with the defendant, Eliza E. Laurens, under the devise to Margaret Horry Laurens, and what orders were proper to be made, whether they should be *145 made parties defendant, or proceed by petition in the cause, &c.
- The equity, on which- these -parties insist, is the right of subrogation to the creditors whose claims they have satisfied. This Court intimates no 'opinion as to the alleged facts, or as to the conclusions. The order of the Chancellor is purely administrative. It settles no rights — adjudicates nothing. Nor is the execution of 'the order attended with any considerable delay. In general, such orders are very much within the discretion of the presiding Chancellor, and, so far as this Court can perceive, it seems to have been properly exercised. So much of the appeal as assigns error in this respect'is dismissed.
Wardlaw, A. J., and Glover, J., concurred.

Order modified.